UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :

OCTAVIO ROJAS RODRIGUEZ, a/k/a ORNEGI   :
ROMALES,                                                  :          10 Civ. 4404 (PAE)
                                Plaintiff,         :
                                                      :          OPINION & ORDER
                     -v-                         :
                                                      :
CITY OF NEW YORK, JEFFREY C. BLOOM, and   :
POLICE OFFICER ID NO. 897210000,                :
                                                      :
                                Defendants.   :
                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Octavio Rojas Rodriguez, a/k/a Ornegi Romales, brings this action, *pro se*, against defendants the City of New York, Jeffrey C. Bloom, and Police Officer ID No. 897210000 under 42 U.S.C. § 1983, alleging false arrest and imprisonment and malicious prosecution in violation of his federal constitutional rights. Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, defendants' motion is granted, and this case is dismissed with prejudice.

**I.      Background[1]**

      Plaintiff's claims arise out of two distinct and apparently unrelated incidents. First, on September 25, 2006, plaintiff was arrested by a New York Police Department officer, whom

---

[1] As this case is currently before the Court on a motion for judgment on the pleadings, all facts in the plaintiff's complaint must be taken as true. However, a court "may also look to public records . . . in deciding a motion to dismiss." *Blue Trees Hotel Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F. 3d 212, 217 (2d Cir. 2004). To the extent defendants' filings in this case cite information from public records, the Court has considered such information in deciding this motion.

plaintiff identified by his badge number, 897210000 ("the 2006 incident").[2]  Plaintiff alleges that he was arrested solely for failing to provide the officer with identification when asked.  The complaint in that case, which is a public record, indicates that he was arrested for putting his foot on a seat in a transit facility, in violation of N.Y. COMP. CODES R. & REGS. tit. 21, § 1050.7(j)(2) (2011).  At his arraignment later that same day, plaintiff accepted an adjournment in contemplation of dismissal.  However, because of an outstanding warrant for his arrest, plaintiff was transported following arraignment to Queens County, where he was charged with bail jumping and remanded to custody.  On April 3, 2008, plaintiff was transferred into the custody of the United States Immigration and Customs Enforcement, and was held in a correctional facility in Texas.

The second incident that forms the basis for plaintiff's claim of false arrest and malicious prosecution is an arrest and charge for attempted murder in August 1999, which plaintiff alleges was prosecuted under docket number 92Q017557 ("the 1992/1999 incident").  Plaintiff alleges that his criminal defense attorney in that case, defendant Jeffrey C. Bloom, conspired with the prosecutor to elicit a guilty plea from plaintiff, although plaintiff had informed them that he was innocent.  Plaintiff alleges that the goal of the conspiracy was to cover up the fact that Bloom and the prosecutor had earlier fraudulently induced plaintiff to plead guilty to another crime, of which he was also innocent.  Plaintiff further alleges that all pending claims against him pertaining to this docket number were dismissed in April 2008.

The Court takes notice of the public records pertaining to docket number 92Q017557.  These reflect that on May 21, 1992, an individual identified as Juan Martinez was charged with N.Y. PENAL LAW § 160.10, Robbery in the Second Degree, § 165.40, Criminal Possession of

---

[2] Defendant the City of New York has identified the arresting officer as Police Officer Efrain Curet.

Stolen Property in the Fifth Degree, and §§ 110/160.10, Attempted Robbery in the Second Degree.[3]  On September 14, 1999, the defendant in that action pled guilty to attempted robbery in the second degree.

Plaintiff's complaint in this action arrived at the Pro Se Office of this Court on March 25, 2010; it was entered on the docket on June 3, 2010.  (Dkt. 2.)  Plaintiff filed an amended complaint, which is the operative complaint in the case, on July 30, 2010.  (Dkt. 4.)

## II.     Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Ades & Berg Grp. Investors v. Breeden (In re Ades & Berg Grp. Investors)*, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)); *see also United States Life Ins. Co. v. Blum*, No. 09-cv-9416, 2011 U.S. Dist. LEXIS 1531, at *10 (S.D.N.Y. Jan. 3, 2011).  Under that standard, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) ("We review the district court's grant of a Rule 12(b)(6) motion to dismiss *de novo*, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.").

To survive a motion for judgment on the pleadings, the complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), such that those allegations, when accepted as true, "state a claim for relief that is *plausible on its face*."  *S. Cherry St. LLC v.*

---

[3] The Court assumes herein, based on plaintiff's having asserted that he was the defendant in the prosecution arising out of the 1992/1996 incident, that plaintiff used the alias Juan Martinez. Plaintiff filed the original complaint in the instant action under the alias Ornegi Romales.

*Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original).  Although extrinsic materials generally may not be considered on a motion for judgment on the pleadings, materials incorporated in the complaint by reference may be considered.  *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999).  "[W]here public records that are integral to a . . . complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records."  *Roth,* 489 F.3d at 509.

Because plaintiff is proceeding *pro se*, the Court must "construe liberally" his complaint and any further pleadings, and "interpret them to raise the strongest arguments that they suggest."  *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (internal quotation marks and citation omitted).  However, even in *pro se* cases, "although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009).

**III.   Analysis**

    **1.   Plaintiff's false arrest claims must be dismissed for failure to state a claim because they are untimely.**

Courts reviewing § 1983 claims "should borrow the state statute of limitations for personal injury actions."  *Owens v. Okure*, 488 U.S. 235, 236 (1989).  Where a state has one general, residual statute of limitations for personal injury actions sounding in tort, and different statutes of limitations for enumerated intentional torts, a court reviewing § 1983 claims should use the residual statute of limitations.  *Id.* at 243–45.

4

In New York State, the residual statute of limitations for personal injury is three years. N.Y. C.P.L.R. 214 (McKinney 2003); *see also Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."). A claim brought pursuant to § 1983 accrues when the plaintiff "knows or has reason to know" of the harm. *Cullen v. Margiotta*, 811 F.2d 698, 725 (2d Cir. 1987), *cert. denied*, 483 U.S. 1021 (1987).

The Supreme Court has held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff's false arrest claim as to the 2006 incident thus accrued on September 25, 2006, the day he was arrested, arraigned, and remanded to custody. The statute of limitations therefore expired on the 2006 incident on September 25, 2009. This was a full six months before plaintiff's complaint arrived at the Pro Se Office.

As to the 1992/1999 incident, even measuring from September 14, 1999, the day on which the defendant in that case pled guilty, the three-year statute of limitations had expired years before March 25, 2010, the day on which plaintiff's complaint arrived at this courthouse.

The statute of limitations thus bars plaintiff's false arrest claims, which must be dismissed.

> **2. Plaintiff's malicious prosecution claims must be dismissed for failure to state a claim because neither incident resulted in proceedings that were terminated in his favor.**

A Section 1983 claim for malicious prosecution is determined by reference to the elements of the related state tort. *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). In New York State, the tort of malicious prosecution requires that plaintiff show:

"(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009).  Plaintiff cannot plausibly allege the second element for either the 1992/1999 incident or the 2006 incident, because neither proceeding was terminated in his favor.

The 1992/1999 incident was resolved when the defendant in that case pled guilty to attempted robbery in the second degree, an outcome which clearly does not "indicate the accused is not guilty." *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir. 1980).  The 2006 incident terminated in an adjournment in contemplation of dismissal, which is "deemed not to be favorable to the accused for purposes of a malicious prosecution claim." *Murphy v. Lynn*, 188 F.3d 938, 949 (2d Cir. 1997); *see also Molina v. City of New York*, 814 N.Y.S.2d 120, 120 (1st Dep't 2006) (an adjournment in contemplation of dismissal does not satisfy the "favorable outcome" prong for a malicious prosecution action).

Because neither incident on which plaintiff's complaint is based resulted in a favorable disposition for him, his malicious prosecution claims must be dismissed.

> **3.     Plaintiff's claims against the City of New York must be dismissed for failure to state a claim under *Monell*.**

As discussed above, plaintiff's false arrest claims must be dismissed as untimely, and plaintiff's malicious prosecution claims must be dismissed because the outcomes of the relevant criminal proceedings were not favorable to plaintiff.  Plaintiff's claims against defendant the City of New York are deficient for an independent reason—they fail to state a claim for municipal liability.

Local governing bodies, such as defendant the City of New York, may be sued directly under § 1983 only where "a violation of rights resulted from the 'government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  In order to demonstrate *Monell* liability in this Circuit, plaintiff must show, in addition to a violation of his constitutional rights,  "(1) the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection—an 'affirmative link'—between the policy and the deprivation of his constitutional rights." *Harper v. City of New York*, 424 F. App'x 36, 38 (2d Cir. 2011) (summary order) (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)) (internal quotation marks omitted).

      Even taking all allegations in the plaintiff's complaint as true, plaintiff alleges nothing that can be construed as a municipal policy or custom that led to the violation of his constitutional rights.  His complaint described only the conduct of individual employees of the City of New York, and municipalities may not be held responsible for the torts of their employees under § 1983 through the theory of *respondeat superior*.  *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 76 (2d Cir. 2010) (citing *Monell*, 436 U.S. at 694).  Furthermore, to support a theory of liability under *Monell*, plaintiff must allege a violation of constitutional rights.  Plaintiff has not done so.  Therefore, even if plaintiff's complaint is read to assert a theory of liability based on municipal policy or custom, he still fails to state a claim under *Monell*.

## IV. Conclusion

For the foregoing reasons, defendants' motion for judgment on the pleadings is GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is instructed to terminate the motion pending at docket entry number 24 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 24, 2012
      New York, New York